

**ROBERT A. GORDON**
**U. S. BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| | | |
| PJCOMN ACQUISITION CORPORATION | * | Case No: 11-29380-RAG |
| | | (Chapter 11) |
| Debtor | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

ORDER GRANTING DEBTOR'S AND COMMITTEE'S CONSENT MOTION
FOR ORDER APPROVING PROCEDURES FOR DISTRIBUTION OF
GLOBAL SETTLEMENT SUM TO NON-PRIORITY GENERAL
<u>UNSECURED CREDITORS AND FOR DISMISSING BANKRUPTCY CASE</u>

Upon the Consent Motion for Order Approving Procedures for Distribution of

Global Settlement Sum to Non-Priority General Unsecured Creditors and for Dismissing

Bankruptcy Case (the "Motion")[1] filed by PJCOMN Acquisition Corporation (the "Debtor") and

the Official Committee of Unsecured Creditors that was duly appointed in this case (the

"Committee") pursuant to §§ 105(a), 305(a), 349 and 1112(b) of the Bankruptcy Code; the Court

having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.

§§ 157 and 1334; consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to

28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under

the circumstances; and after due deliberation and sufficient cause appearing therefor:

IT IS HEREBY FOUND AND DETERMINED THAT:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

A.      As set forth in the Motion, prior claims arising under § 507 of the Bankruptcy Code either have been paid or will be paid in amounts already approved by the Court in orders approving the Global Settlement, the sale of the Debtor's assets and all cash collateral budgets.

B.      The Distribution Guidelines outlined in below with respect to distribution of the GUC Fund to holders of allowed non-priority unsecured claims will permit the fair, equitable and expedient distribution of the GUC Fund in accordance with the terms of the Global Settlement.

C.      The Debtor has no unencumbered assets remaining to be liquidated so there would be nothing for a trustee to administer if one were appointed.

D.      The facts and history of this Chapter 11 Case indicates that: (i) if the Chapter 11 Case is not dismissed, then the Debtor's estate will incur losses and diminish in value; and (ii) there is no reasonable possibility that the Debtor will be rehabilitated.

E.      The Debtor lacks sufficient funds to formulate, confirm or effectuate a Chapter 11 plan that meets the requirements of § 1129 of the Bankruptcy Code.  Moreover, even if the Debtor was able to propose a liquidating or other Chapter 11 plan, the costs of drafting, soliciting acceptances to and attempting to confirm a Chapter 11 plan would delay and diminish the distribution of estate assets to the Debtor's creditors as compared to the Dismissal Procedures set forth by this Order.

F.      Upon the filing of a Request for Dismissal in the form of Exhibit 1 hereto, in accordance with the Distribution and Dismissal Procedures approved herein, cause (as such term is defined in § 1112(b) of the Bankruptcy Code) will exist to dismiss this Chapter 11 Case.

G.      Conversion of this Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code is not likely to yield any greater recovery to the Debtor's creditors' or result in any additional benefit to the estate or creditors than what they will realize from dismissal.

H.      Dismissing this Chapter 11 Case in accordance with the Dismissal

Procedures approved herein is in the best interests of the Debtor, its estate, creditors and parties

in interest.

I.      The Office of the United States Trustee supports entry of this Order.

J.      Cause exists to modify the effects of § 349 of the Bankruptcy Code, as set

forth in the Motion and herein.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED

THAT:

1.      The Motion is granted as set forth herein.

2.      The following proposed GUC Fund Distribution Procedures are

APPROVED:

(a)     Upon entry of this Order, the Committee shall identify and
retain Larry Waslow, who is disinterested and shall serve as
a disbursing agent for a fixed, one-time fee of $10,000
("Disbursing Agent Fee") (the "Disbursing Agent") and
shall distribute the GUC Fund to the Disbursing Agent for
further distribution on a pro rata basis to holders of allowed
non-priority general unsecured claims against the Debtor
under the distribution process described herein;

(b)     The Disbursing Agent shall first make distributions from
the GUC Fund to pay the unpaid court-approved fees and
expenses of the Committee's professionals and the
Disbursing Agent Fee;

(c)     From the remaining GUC Funds (less any reserves for any
fees and expenses the Disbursing Agent believes, in his
reasonable judgment, may be charged against the GUC
Fund), the Disbursing Agent shall make a single pro rata
distribution to holders of allowed non-priority general
unsecured prepetition claims against the Debtor (the
"Unsecured Claims").  The Disbursing Agent shall be
entitled to rely upon the Debtor's books and records and a
duly filed proof of claim ("Proof of Claim") for the mailing
address of any creditor that has an allowed Unsecured
Claim; he shall not be required to, but may, determine a
proper mailing address for a general unsecured creditor
entitled to a distribution.  If a Proof of Claim has been filed
and not disputed by the Committee, the Disbursing Agent
shall use the amount set forth on the Proof of Claim to
determine the creditor's pro rata distribution and shall mail
such pro rata distribution to the address indicated thereon;

if no claim has been filed by a general unsecured creditor, but the Debtor's books and records reflect an amount due and owing to such creditor as of the Petition Date, the Disbursing Agent may use the amount indicated in the Debtor's books and records to compute the pro rata distribution to such creditor.  The Disbursing Agent shall not be liable for any act or omission related to his duties as Disbursing Agent, and shall immediately be released upon the final distribution from any claim that might arise from his actions or inactions as Disbursing Agent in all respects, unless such actions or inactions are the result of his gross negligence or willful misconduct;

(d)     The Disbursing Agent shall not make any distribution on account of an Unsecured Claim where such distribution would be for the amount of $25 or less;

(e)     Any distributed check that has not been claimed and/or cashed within 45 days after distribution of the check (the "Check Cashing Period") shall be deemed void and the distribution on account of such claim shall be deemed forfeited by the creditor, and such claim shall be disallowed in its entirety; and

(f)     Any funds remaining in the GUC Fund after the expiration of the Check Cashing Period shall be redistributed to holders of Unsecured Claims whose initial distribution checks have been negotiated or if such amount is less than $10,000 it shall be donated to the ABI Endowment Fund.

3.     Before all distributions to holders of Unsecured Creditors are made by the Disbursing Agent, and before the Request for Dismissal (defined below) is filed, the case professionals will each file a final request for allowance and payment of all fees and expenses incurred during this case, and the Court will hold a final fee hearing to consider objections, if any, or, in the absence of objections, the Court may consider the final fee applications without a hearing.  After an order entered on such final fee application becomes final and the unpaid fees and expenses of the Committee's professionals are paid, the Disbursing Agent may begin making distributions on account of the Unsecured Claims.

4.     After all distributions have been made in accordance with the distribution procedures identified herein, and the Debtor has paid all fees due and owing to the Office of the United States Trustee ("UST Fees"), and after entry by the court of an order resolving the Debtor's and the Committee's joint request to approve the sale of the Debtor's claims and

interests in class action litigation against credit card companies for the Committee's benefit, the Debtor and the Committee shall file a joint certification and request for entry of dismissal orders, substantially in the form as Exhibit 1 to the Motion (the "Certification and Request for Dismissal"), which shall: (a) verify that all claim objections relating to distributions from the GUC Fund have been resolved; (b) verify that all distributions from the GUC Fund have been made; (c) confirm that all accrued UST Fees have been paid; and (d) request entry of the Dismissal Order (defined below).

5.      Upon the filing of the Certification and Request for Dismissal, the Court shall enter an order substantially in the form of Exhibit 2 to the Motion (the "Dismissal Order").

6.      The Debtor and the Committee are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      All time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

9.      No reinstatement or revesting of assets of the Debtors or their estates under § 349 of the Bankruptcy Code shall occur upon the entry of the Dismissal Orders or the dismissal of the Chapter 11 Case.

10.      Notwithstanding entry of this Order, all stipulations, settlements, rulings, orders and judgments of this Court made during the course of the Chapter 11 Case (including, except to the extent expressly modified hereby, the Global Settlement Agreement and the Order approving it) shall remain in full force and effect, shall be unaffected by the dismissal of the Chapter 11 Case, and are specifically preserved for purposes of finality of judgment and *res judicata*.

11.      The Court shall retain jurisdiction with respect to all matters, claims, rights or disputes arising from or related to the implementation of this Order, the Dismissal Orders, or any other order of this Court entered in this Chapter 11 Case.

12.     To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

CONSENTED TO:


_____/s/ Lawrence J. Yumkas_____
Lawrence J. Yumkas, 06357
Yumkas, Vidmar & Sweeney, LLC
2530 Riva Road, Suite 400
Annapolis, Maryland  21401
(443) 569-0758
lyumkas@yvslaw.com

Counsel for Debtor

_____/s/ Bradford J. Sandler_____
Alan M. Grochal, 01447
Tydings & Rosenberg, LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland  21202
(410) 752-9700
agrochal@tydingslaw.com

Bradford J. Sandler
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, Delaware  19801
(302) 778-6424
bsandler@pszjlaw.com

Counsel for Official Committee of Unsecured Creditors


I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the /s/ on this copy reference the signatures of consenting parties on the original consent order.


_____/s/ Lawrence J. Yumkas_____
Lawrence J. Yumkas


cc:     Lawrence J. Yumkas, Esquire
        Yumkas, Vidmar & Sweeney, LLC
        2530 Riva Road, Suite 400
        Annapolis, Maryland  21401

        Attached Service List


**END OF ORDER**