IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | | |
|---|---|---|---|
| In re: | * | | |
| PJCOMN ACQUISITION CORPORATION | * | Case No:  11-29380-RAG | |
| | | (Chapter 11) | |
| Debtor | * | | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DISBURSING AGENT'S MOTION FOR AN ORDER APPROVING DISTRIBUTIONS TO ALLOWED NON-PRIORITY GENERAL UNSECURED CREDITORS

Larry Waslow, the disbursing agent (the "Disbursing Agent"), for the estate of

PJCOMN Acquisition Corporation, the debtor and debtor in possession (the "Debtor"), by and

through counsel for the Official Committee of Unsecured Creditors (the "Committee"), files this

Motion for an Order Approving Distributions to Allowed Non-Priority General Unsecured

Creditors (the "Motion"), and in support thereof states as follows:

### Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

2.      By this Motion, the Disbursing Agent seeks entry of an order approving

distribution of the GUC Funds (as defined below) to holders of allowed non-priority general

unsecured claims listed on **Exhibit A** attached hereto.

### Background

3.      On September 27, 2011, the Debtor filed for bankruptcy relief under

Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the United States

Bankruptcy Court for the District of Maryland, Baltimore Division ("Bankruptcy Court").

4.      On October 19, 2011, the Official Committee of Unsecured Creditors (the

"Committee") was appointed by the United States Trustee.

#2036942v.1

5.      The Debtor, Committee and other interested parties reached a global resolution of issues relating to the disposition of the Debtor's assets reflected in a Settlement Agreement by and among the Debtor, Essential Pizza, Inc., H. Clifford Harris, IV, Brian Mills, Papa John's International, Inc. (individually and together with its affiliates and subsidiaries, including, but not limited to Capital Delivery, Ltd., PJ Food Service, Inc., Papa Card, Inc., Papa John's National Marketing Fund, Inc., Papa John's USA, Inc., and Preferred Marketing Solutions, Inc.), GECPAC, by and through its servicer, General Electric Capital Corporation, the Committee and the State of Colorado Department of Revenue (the "Global Settlement"), approved pursuant to the Court's Order Approving Settlement and Compromise between Debtor and Parties in Interest entered February 22, 2012 [Dkt. # 281]

6.      Following the Global Settlement the Court approved a sale (the "L&J Sale") of the Debtor's assets associated with four stores identified therein to L&J Associates, LLC ("L&J") and then later approved the sale of substantially all of the Debtor's remaining assets, other than those sold L&J, to PJ Ops Colorado, L.L.C. and Papa John's International, Inc. (the "Auction Sale").

7.      Consistent with funding provided in the Global Settlement, the Debtor then reached settlements with certain class action claimants pursuant to that Consent Order Granting Preliminary Approval of Class Settlement and Certifying Settlement Classes Pursuant to Bankruptcy Rule 7023 and Granting Approval of Compromise and Settlement Agreement Pursuant to Bankruptcy Rule 9019 entered April 4, 2012 [Dkt. # 17] and Blackstreet Capital Management LLC, PJCOMN, LLC, Armistead Burwell, and Angel Donchev pursuant to the Stipulation and Consent Order Resolving Dispute with Blackstreet Capital Management, LLC and Related Parties entered April 5, 2012 [Dkt. # 360] (the "Blackstreet Lawsuit").

8.      The proceeds generated by the Global Settlement, L&J Sale, Auction Sale and the Debtor's operations enabled the Debtor to make Court-approved payments of $4.9 million to GECPAC Investment I, Inc. ("GECPAC"), the Debtor's senior secured lender; approximately $400,000.00 to the Colorado Department of Revenue; $300,000.00 to resolve the

class action lawsuits; $75,000 to resolve the Blackstreet Lawsuit; and payment of $375,265.00 to

the trust account of counsel to the Committee to pay allowed fees and expenses of the

Committee's professionals and to permit a disbursing agent to pay holders of allowed prepetition

unsecured claims (the "GUC Fund").

9.     To distribute payments from the GUC Fund to holders of allowed general

unsecured claims, the Debtor and Committee filed a joint Consent Motion for Order Approving

Procedures for Distribution of Global Settlement Sum to Non-Priority General Unsecured

Creditors and for Dismissing Bankruptcy Case [Dkt. # 492] (the "Distribution Procedures

Motion").

10.     On December 7, 2012, the Court entered that certain Order Granting

Debtor's and Committee's Consent Motion for Order Approving Procedures for Distribution of

Global Settlement Sum to Non-Priority General Unsecured Creditors and for Dismissing

Bankruptcy Case [Dkt. # 490] (the "Distribution Procedures Order").

## Basis for Relief Requested

11.     The distribution process approved in the Distribution Procedures Order

provides for the distribution of payments from the GUC Fund to holders of allowed non-priority

general unsecured claims as follows:

   (a)     the Committee shall identify and retain a disbursing agent
           (the "Disbursing Agent") and shall distribute the GUC
           Fund to the Disbursing Agent for further distribution on a
           pro rata basis to holders of allowed non-priority general
           unsecured claims against the Debtor under the distribution
           process described herein;

   (b)     The Agent shall first make distributions from the GUC
           Fund to pay the unpaid court-approved fees and expenses
           of the Committee's professionals to the extent not already
           paid, and for the hourly fees and expenses of the
           Disbursing Agent;

   (c)     From the remaining GUC Funds, the Disbursing Agent
           shall make distributions to holders of allowed non-priority
           general unsecured prepetition claims against the Debtor

(the "Unsecured Claims") pursuant to the terms of the Global Settlement;

(d)    The Disbursing Agent shall be authorized to make a pro rata distribution of the GUC Funds held to holders of the Unsecured Claims;

(e)    The Disbursing Agent shall not make any distribution on account of an Unsecured Claim where such distribution would be for the amount of $25 or less;

(f)    Any distributed check that has not been claimed and/or cashed within 45 days after distribution of the check (the "Check Cashing Period") shall be deemed void and the distribution on account of such claim shall be deemed forfeited by the creditor; and

(g)    Any funds remaining in the GUC Fund after the expiration of the Check Cashing Period shall be redistributed to holders of Unsecured Claims whose initial distribution checks have been cashed.

12.    The Disbursing Agent is seeking authority to make *pro rata* distributions to holders of the Unsecured Claims listed on **Exhibit A** attached hereto in accordance with the terms of the distribution process approved in the Distribution Procedures Order. Additionally, after the distribution process is completed and assuming the amount of the checks that have not been claimed and/or cashed within the Check Cashing Period in accordance with the Distribution Procedures Order is less than ten thousand dollars ($10,000), the Disbursing Agent may distribute such funds to the American Bankruptcy Institute. Finally, at the conclusion of the distribution process, the Disbursing Agent seeks to have his term as Disbursing Agent deemed completed and the Disbursing Agent released of further obligations to the estate in accordance with the terms of the Distribution Procedures Order.

## No Previous Request

13.    No previous request for the relief sought herein has been made by the Disbursing Agent to this or any other court.

WHEREFORE, the Disbursing Agent requests entry of an order (i) authorizing him to make *pro rata* distribution to holders of the Unsecured Claims in accordance with the terms of the Distribution Procedures Order; (ii) to take all acts necessary to complete the *pro rata* distribution to holders of the Unsecured Claims in accordance with the terms of the Distribution Procedures Order, (iii) concluding his appointment as Disbursing Agent following the final distribution, and (iv) for such other further relief as is just and proper.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Bradford J. Sandler
Bradford J. Sandler
Colin R. Robinson
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, Delaware  19801
(302) 652-4100
bsandler@pszjlaw.com
crobinson@pszjlaw.com

and

/s/ Alan M. Grochal
Alan M. Grochal
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, MD  21202
agrochal@tydingslaw.com

Counsel for Official Committee of Unsecured Creditors

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2013, notice of filing of the Disbursing Agent's Motion for Order Approving Distributions to Allowed Non-Priority General Unsecured Creditors (the "Motion") was sent either electronically or was mailed first class, postage prepaid to the parties on the attached service list.

/s/ Alan M. Grochal